UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22-MJ-8333-BER

**UNITED STATES OF AMERICA**

vs.

**GEORGE MURILLO,**

                Defendant.

### CRIMINAL COVER SHEET

1. 1. Did this matter originate from a matter pending in the United States Attorney's Office prior to August 9, 2013 (Mag. Judge Alicia Valle)? ____ Yes   _X_ No

2. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard)? ____ Yes   _X_ No

Respectfully submitted,

JUAN ANTONIO GONZALEZ
UNITED STATES ATTORNEY

By: *Lara Treinis Gatz*
     Lara Treinis Gatz
     Assistant United States Attorney
     Southern District of Florida
     Court ID No. A5502857
     500 S. Australian Avenue – 4th Floor
     West Palm Beach, Florida 33401
     lara.gatz@usdoj.gov
     (561) 209-1069

AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
## for the
### Southern District of Florida

FILED BY __TM__ D.C.

**Aug 5, 2022**

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - West Palm Beach

| United States of America | ) |
| v. | ) |
| GEORGE MURILLO | ) Case No. |
| | ) 22-MJ-8333-BER |
| _Defendant(s)_ | ) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of __5/17/22 and 7/12/22__ in the county of __Palm Beach__ in the __Southern__ District of __Florida__, the defendant(s) violated:

| Code Section | Offense Description |
| --- | --- |
| 18 USC 922(g)(1) | Felon in Possession of a Firearm. |

This criminal complaint is based on these facts:

SEE ATTACHED AFFIDAVIT.

☑ Continued on the attached sheet.

_Complainant's signature_

SA VINCENT RUBBO
_Printed name and title_

ATTESTED TO ME BY FACETIME
~~Sworn to before me and signed in my presence~~
PER FRCP 4.1

Date: __08/04/2022__

_Judge's signature_

City and state: __West Palm Beach, Florida__    BRUCE E. REINHART, USMJ
_Printed name and title_

<u>**AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT**</u>

<u>**22-MJ-8333-BER**</u>

I, VINCENT RUBBO, being duly sworn, depose and state as follows:

1. I am a Special Agent of the United States Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF). I have been an ATF Special Agent since January of 2015. My duties include the investigation of violations of the Federal firearms laws. I know it to be unlawful for any person who is a convicted felon, to possess, transport, or receive a firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

2. This affidavit is made in support of a criminal complaint charging defendant GEORGE MURILLO ("MURILLO") with possession of a firearm as a prohibited person in violation of 18 U.S.C. § 922(g)(1). The information contained in this affidavit is based in part on information developed by ATF Special Agents, information obtained from other law enforcement personnel, information obtained from a confidential source ("CS"), who has proven to be reliable, and a review of various law enforcement databases. Because this affidavit is being submitted for the limited purpose of establishing probable cause in support of the criminal complaint, it does not include all facts known to me or to other law enforcement officers regarding this investigation.

3. In May 2022, ATF agents initiated an investigation of MURILLO, after MURILLO was identified as a felon, illegally in possession of a firearm, who was attempting to sell that firearm to a prohibited person.

4. In furtherance of the investigation, on May 17, 2022, pursuant to a pre-arranged meeting arranged by the CS at the direction of ATF Agents, the CS, supervised by

ATF agents, met with defendant MURILLO in the West Palm Beach, Florida area to purchase the firearm from defendant MURILLO. The CS, wearing a recording device to memorialize the sale, purchased a Smith & Wesson, model M&P Bodyguard 38 Crimson Trace, .38 Special caliber revolver and twenty-five (25) rounds of Hornady ammunition from defendant MURILLO in exchange for $300. During the sale of the firearm, defendant MURILLO stated to the CS, "I know you can't have it cause we got felonies."

5. Thereafter, on or about July 8, 2022, defendant MURILLO and the CS engaged in a conversation during which defendant MURILLO offered to sell the CS a Beretta pistol for $500. This conversation was recorded. Thereafter, the CS and MURILLO made arrangements to meet to consummate the sale.

6. To that end, on July 12, 2022, the CS, wearing a recording device and supervised by ATF Agents, met with defendant MURILLO in the Wellington, Florida area. During that meeting, the CS purchased a Beretta, model 92FS, 9mm pistol and fifteen (15) rounds of ammunition from defendant MURILLO in exchange for $500.

7. As part of this investigation, an ATF Special Agent trained in Firearms Interstate Nexus examined the firearms and ammunition the CS purchased from defendant MURILLO and determined the firearms and ammunition were manufactured outside the State of Florida, therefore traveled in and affected interstate or foreign commerce.

8. A review of the relevant databases reveals that defendant MURILLO is prohibited from possessing a firearm as, on October 20, 2017, defendant MURILLO was convicted of Federal Bank Robbery in violation of Title 18 U.S.C. § 2113(a) in the United States District Court, Southern District of Florida. See 17-CR-80063-MARRA-1. At that time, MURILLO was sentenced to 33 months' incarceration and a supervised released term

of three years. Thus, in addition to being prohibited from possessing a firearm under federal law, one of the terms of defendant MURILLO's supervised release, which he is currently serving, instructs that defendant MURILLO "shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon."

9. Based on the foregoing, I submit that there is probable cause to believe that defendant GEORGE MURILLO possessed a firearm when he was prohibited from doing so in violation of Title 18 United States Code Section 922(g).

FURTHER AFFIANT SAYETH NAUGHT.

/s/
_____
VINCENT RUBBO
ATF SPECIAL AGENT


Sworn and attested to me by Applicant on this 4th day of August 2022, in West Palm Beach, Florida BY FACETIME

_____
THE HONORABLE BRUCE E. REINHART
UNITED STATES MAGISTRATE JUDGE

3

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## PENALTY SHEET

**Defendant's Name:** GEORGE MURILLO

**Case No:** 22-MJ-8333-BER

Felon in Possession of a Firearm

Title 18, United States Code, Section 922(g)

**\*Max. Penalty:**
10 years imprisonment, 3 years of supervised release, $250,000 fine, $100 special assessment

  **\*Refers only to possible term of incarceration, fines, special assessments, does not include possible restitution, parole terms, or forfeitures that may be applicable.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

# Case Number: 22-8333-BER

### BOND RECOMMENDATION

DEFENDANT:         GEORGE MURILLO

### PRETRIAL DETENTION

By: *Lara Treinis Gatz*
LARA TREINIS GATZ
ASSISTANT U.S. ATTORNEY

Last Known Address:

What Facility:     Palm Beach County Jail, 3228 Gun Club Rd, West Palm Beach, FL 33406

Agent:             SA VINVENT RUBBO
                   (ATF)