
# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 22-CR-80128-CANNON

**UNITED STATES OF AMERICA**

vs.

**GEORGE MURILLO,**

                **Defendant.**
_____/

## PLEA AGREEMENT

The United States Attorney's Office for the Southern District of Florida ("this Office") and GEORGE MURILLO (hereinafter referred to as the "defendant") enter into the following agreement:

1. The defendant agrees to plead guilty to ~~the sole count~~ Count one [handwritten initials] of the Indictment, which count charges the defendant with Possession of a Firearm by a Prohibited Person in violation of Title 18, United States Code, Section 922(g)(1).

2. The defendant is aware that the sentence will be imposed by the Court after considering the advisory Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines"). The defendant acknowledges and understands that the Court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the Court relying in part on the results of a pre-sentence investigation by the Court's probation office, which investigation will commence after the guilty plea has been entered. The defendant is also aware that, under certain circumstances, the Court may depart from the advisory sentencing guideline range that it has computed and

2

may raise or lower that advisory sentence under the Sentencing Guidelines. The defendant is further aware and understands that the Court is required to consider the advisory guideline range determined under the Sentencing Guidelines but is not bound to impose a sentence within that advisory range; the Court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory range. Knowing these facts, the defendant understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offense identified in paragraph 1 and that the defendant may not withdraw the plea solely as a result of the sentence imposed.

3. The defendant also understands and acknowledges that Court may impose a statutory maximum term of imprisonment of up to ten years, followed by a term of supervised release of up to three years. In addition to a term of imprisonment and supervised release, the Court may impose a fine of up to $250,000 and may order forfeiture.

4. The defendant further understands and acknowledges that, in addition to any sentence imposed under paragraph 3 of this agreement, a special assessment in the amount of $100 will be imposed on the defendant. The defendant agrees that any special assessment imposed shall be paid at the time of sentencing. If a defendant is financially unable to pay the special assessment, the defendant agrees to present evidence to this Office and the Court at the time of sentencing as to the reasons for the defendant's failure to pay.

5. This Office reserves the right to inform the Court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the defendant and the

3

defendant's background. Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, this Office further reserves the right to make any recommendation as to the quality and quantity of punishment.

6. This Office agrees that it will recommend at sentencing that the Court reduce by two levels the sentencing guideline level applicable to the defendant's offense, pursuant to Section 3E1.1(a) of the Sentencing Guidelines, based upon the defendant's recognition and affirmative and timely acceptance of personal responsibility. If at the time of sentencing the defendant's offense level is determined to be 16 or greater, this Office will file a motion requesting an additional one level decrease pursuant to Section 3E1.1(b) of the Sentencing Guidelines, stating that the defendant has assisted authorities in the investigation or prosecution of the defendant's own misconduct by timely notifying authorities of the defendant's intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently. This Office, however, will not be required to make this motion if the defendant: (1) fails or refuses to make a full, accurate and complete disclosure to the probation office of the circumstances surrounding the relevant offense conduct; (2) is found to have misrepresented facts to the government prior to entering into this plea agreement; or (3) commits any misconduct after entering into this plea agreement, including but not limited to committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official.

7. The defendant is aware that the sentence has not yet been determined by the Court. The defendant also is aware that any estimate of the probable sentencing range or

4

sentence that the defendant may receive, whether that estimate comes from the defendant's attorney, this Office, or the probation department, is a prediction, not a promise, and is not binding on this Office, the probation department, or the Court. The defendant understands and acknowledges, as previously acknowledged in paragraph 2 above, that the defendant may not withdraw his plea based upon the Court's decision not to accept a sentencing recommendation made by the defendant, this Office, or a recommendation made jointly by the defendant and this Office.

8. This Office and the defendant agree that, although not binding on the probation department or the Court, they will jointly recommend that the Court make the following findings and conclusions as to the sentence to be imposed:

    a. Base Offense Level: That the Base Offense Level is 20, pursuant to U.S.S.G. § 2k2.1(a)(4).

    b. Other Specific Offense Characteristics: That no other specific offense characteristics are applicable to the defendant or the offense.

9. This Office agrees to recommend that any term of imprisonment imposed on the companion Violation of Supervised Release Petition, see 17-cr-80063-KAM, predicated on the same offense conduct, run concurrently to the sentence imposed on the instant matter.

10. By signing this agreement, the defendant voluntarily abandons all right, title and interest in the firearms and ammunition in possession of the ATF in connection with this matter. The firearms and ammunition include: (1) a Smith & Wesson, model M&P Bodyguard 38 Crimson Trace, .38 Special caliber revolver, (2) twenty-five (25) rounds of

5

Hornady ammunition; (3) a Beretta, model 92FS, 9mm pistol and (4) fifteen (15) rounds of assorted ammunition. At sentencing the government will move to dismiss count two of the Indictment.

11. This is the entire agreement and understanding between this Office and the defendant. There are no other agreements, promises, representations, or understandings.

JUAN ANTONIO GONZALEZ
UNITED STATES ATTORNEY

Date: 12/6/22       By: _____
                    LARA TREINIS GATZ
                    ASSISTANT UNITED STATES ATTORNEY

Date: 12/8/22       By: _____
                    KRISTY MILITELLO
                    ATTORNEY FOR DEFENDANT

Date: 12/8/22       By: _____
                    GEORGE MURILLO
                    DEFENDANT